UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CENTER FOR IMMIGRATION STUDIES,<br>1629 K Street, NW, Suite 600,<br>Washington, DC 20006<br><br>        Plaintiff,<br> v.<br><br>U.S. DEPARTMENT OF HEALTH AND<br>HUMAN SERVICES,<br>200 Independence Avenue SW<br>Washington, DC 20201<br><br>        Defendant. | Civil Action No. 24-137 |

## COMPLAINT

Plaintiff Center for Immigration Studies ("**CIS**" or "**Plaintiff**") brings this action against U.S. Department of Health and Human Services ("**HHS**" or "**Defendant**") to compel compliance with the Freedom of Information Act ("**FOIA**"), 5 U.S.C. § 552. Plaintiff alleges the following grounds:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391.

## PARTIES

3. Plaintiff CIS is a non-profit, research and educational foundation organized under the laws of the District of Columbia and having its principal place of business at 1629 K Street, NW, Suite 600, Washington, D.C. Plaintiff seeks to educate immigration policymakers, the

academic community, news media, and concerned citizens with reliable information about the social, economic, environmental, security, and fiscal consequences of legal and illegal immigration into the United States. In furtherance of its public interest mission, Plaintiff regularly requests access to the public records of federal agencies, entities, and offices, and disseminates its findings to the public for free.

4. Defendant U.S. Department of Health and Human Services ("HHS") is an agency of the U.S. Government headquartered at 200 Independence Avenue, SW, Washington, DC 20201, and is subject to FOIA. HHS has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5. On December 18, 2023, Plaintiff submitted a FOIA request via email to Defendant for the following records ("**First FOIA Request**"):

> **For each Notification of Concern[1], from January 1, 2021 through the date of the search, provide the following information if available:**
>
> a. **The A# (or last 5 digits if necessary to protect PII)**
> b. **Notification of concern category and/or category of abuse or neglect**
> c. **Sponsor zip code**
> d. **Type of reporting party**
> e. **Date of report**
> f. **Summary of incident**
> g. **Case worker response and intervention**
>
> **Information helpful to fulfilling the request: The requester would like the responsive information provided in their respective columns in a searchable Excel spreadsheet if possible.**

---

[1] See https://www.govinfo.gov/content/pkg/FR-2021-01-06/pdf/2020-29276.pdf; *see also* https://omb.report/icr/202109-0970-014/doc/115141100.

**(Exhibit 1**.)

6. That same day Plaintiff submitted another FOIA request to Defendant via email for the following records ("**Second FOIA Request**"):

> **The zip code for each sponsor associated with each unaccompanied alien child that the agency could not reach after its "safety and wellbeing call",[2] since January 1, 2021 through the date of the search.**
>
> **Information helpful to fulfilling the request: According to the New York Times, "H.H.S. checks on all minors by calling them a month after they begin living with their sponsors, data obtained by The Times showed that over the last two years, the agency could not reach more than 85,000 children. Overall, the agency lost immediate contact with a third of migrant children." This request is interested in records sufficient to show the zip codes for each sponsor associated with each child HHS could not reach after its follow up calls to children who began living with their sponsor, since January 1, 2021 through the date of the search.**

**(Exhibit 2.)**

7. Within the First and Second FOIA Requests (collectively the "**FOIA Requests**"), Plaintiff requested and justified the need for expedited processing. (**Exhibit 1** & **2.**)

8. On January 13, 2024, Plaintiff received emails from Defendant that acknowledged receipt of the FOIA Requests ("**Acknowledgment Letters**") which assigned the First and Second FOIA Requests 24-F-0113 and 24-F-0112 respectively. (**Exhibit 3** & **4**.)

---

[2] https://oversight.house.gov/release/hearing-wrap-up-orr-director-fails-to-answer-questions-about-85000-lost-unaccompanied-alien-children-flawed-vetting-of-sponsors-and-more%EF%BF%BC/ (Statement made by Robin Dunn Marcos, Director of the Office of Refugee Resettlement, during Subcommittee on National Security, the Border, and Foreign Affairs hearing titled "Oversight of the Office of Refugee Resettlement's Unaccompanied Alien Children Program."

9. However, Defendant's Acknowledgment Letters failed to make any determination regarding Plaintiff's requests and justifications for expedited processing, and as of the date of this Complaint, Defendant has still not made such determinations.

## COUNT I
## FAILURE TO MAKE DETERMINATION BY REQUIRED DEADLINE
## (VIOLATION OF FOIA, 5 U.S.C. § 552)

10. Plaintiff realleges paragraphs 1 through 9 as if fully stated herein.

11. Defendant was required to make a determination with respect to Plaintiff's requests for expedited processing for its FOIA Requests no later than January 3, 2024

12. Defendant failed to make a final determination on Plaintiff's expedited processing requests within the time limits set by FOIA; therefore, Plaintiff is deemed to have exhausted its administrative remedies. *See* 5 U.S.C. §552(a)(6)(E)(ii)(I); 5 U.S.C. §552(a)(6)(E)(iii); and 5 U.S.C. §552(a)(6)(E)(iv).

13. Defendant is in violation of FOIA.

### Requested Relief

WHEREFORE, Plaintiff respectfully requests that the Court:

a. Declare that Defendant's current and continued delay in making determinations with respect to Plaintiff's requests for expedited processing is unlawful under FOIA;

b. Grant Plaintiff's Requests for expedited processing;

c. Order Defendant to process Plaintiff's FOIA Requests on an expedited basis;

d. Order Defendant to conduct searches for any and all records responsive to Plaintiff's FOIA Requests and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA Requests;

e.  Order Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA Requests and a *Vaughn* index of any responsive records withheld under any claimed exemption;

f.  Enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA Requests;

g.  Maintain jurisdiction over this action until Defendant complies with FOIA and all orders of this Court;

h.  Grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

i.  Grant Plaintiff such other relief as the Court deems just and proper.

Dated: January 16, 2024

Respectfully submitted,

*/s/ Colin M. Farnsworth*
Colin M. Farnsworth
DC Bar # OR0022
Center for Immigration Studies
1629 K Street, NW, Suite 600
Washington DC, 20006
Telephone: 202-466-8185 ext. 126
FAX (202) 466-8076
Email: cmf@cis.org